NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARRIE YATES, | No. 20-35879 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05082-BJR |
| v. | |
| WASHINGTON FEDERATION OF STATE EMPLOYEES, AFSCME COUNCIL 28, AFL-CIO, a labor organization; JAY ROBERT INSLEE, in his Official Capacity as Governor of the State of Washington; SUE BIRCH, in her Official Capacity as Director of the Washington State Healthcare Authority, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted July 6, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sharrie Yates appeals from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging First and Fourteenth Amendment claims arising from the alleged unauthorized deduction of union membership dues. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (judgment on the pleadings under Fed. R. Civ. P. 12(c)); *Wright v. SEIU Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied,* 143 S. Ct. 749 (2023) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)). We may affirm on any ground supported by the record. *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1110 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). We affirm.[1]

The district court properly dismissed the First Amendment claims for prospective relief for a lack of standing. Allegations of past injury alone with only the potential for future unauthorized dues deductions are too speculative to establish standing for a First Amendment claim for prospective relief. *Wright*, 48 F.4th at 1120.

The Fourteenth Amendment Due Process claim alleged against the State defendants fails because Yates did not allege that they intended to withhold unauthorized dues. *Ochoa*, 48 F.4th at 1110-11. The Supreme Court did not

---

[1]This appeal has been held in abeyance since February 10, 2022, pending issuance of the mandate in No. 20-36076, *Zielinski v. SEIU, Local 503*, or further order of this court. The stay is lifted.

2

impose an affirmative duty on the government to ensure that the membership agreement between the employee and union is genuine. *Wright*, 48 F.4th at 1125.

The district court properly dismissed the civil rights claims alleged against the union. The union was not a state actor when it certified that the employee had entered into a private agreement to pay dues, even if the authorization was fraudulent. *Id.* at 1121-25; *Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021).

Nor did the district court err in dismissing the section 1983 claims against the state officials, as neither are "persons" subject to suit under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

The district court had the discretion to decline to exercise supplemental jurisdiction over the state law claims because Yates failed to state a federal claim. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

**AFFIRMED.**